# IN THE COURT OF APPEALS OF IOWA

No. 18-1325
Filed March 18, 2020

**IN THE MATTER OF A.R.,**
**Alleged to Be Seriously Mentally Impaired,**

**A.R.,**
    Respondent-Appellant.
_____


Appeal from the Iowa District Court for Polk County, Carla T. Schemmel,

Judge.


An appeal from a finding of serious mental impairment.  **AFFIRMED.**


Joel E. Fenton of Law Offices of Joel E. Fenton, PLC, West Des Moines,

for appellant.

Thomas J. Miller, Attorney General, and Gretchen Kraemer, Assistant

Attorney General, for appellee State.


Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

A.R. appeals the district court's finding of serious mental impairment. A.R. challenges the sufficiency of the evidence to establish she posed a risk of emotional or physical danger to herself or others. Finding no reason to disturb the court's ruling, we affirm.

"We review challenges to the sufficiency of the evidence in involuntary commitment proceedings for errors at law." *In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013). An allegation of serious mental impairment must be proven by clear and convincing evidence. Iowa Code § 229.13(1) (2019). "Clear and convincing evidence is less burdensome than evidence establishing proof beyond a reasonable doubt, but more burdensome than a preponderance of the evidence." *B.B.*, 826 N.W.2d at 428. "It means that there must be no serious or substantial doubt about the correctness of a particular conclusion drawn from the evidence." *Id.* (citation omitted).

"[T]o find a person is seriously mentally impaired, that person must first be found to be 'afflicted with a mental illness,' and consequently 'to lack sufficient judgment to make responsible decisions with respect to his or her hospitalization or treatment.'" *Id.* at 432 (citation omitted). Moreover, the person must be likely, if allowed to remain at liberty, to inflict physical injury on herself or others or to inflict serious emotional injury "on members of the person's family or others who lack reasonable opportunity to avoid contact with the person with mental illness." Iowa Code § 229.1(20); *B.B.*, 826 N.W.2d at 432. While the elements of serious mental impairment must be established by clear and convincing evidence, the district court's factual findings are binding on appeal if they are supported by

substantial evidence. *In re J.P.*, 574 N.W.2d 340, 342 (Iowa 1998). "Evidence is substantial if a reasonable trier of fact could conclude the findings were established by clear and convincing evidence." *Id.*

A.R. is a veteran and was previously hospitalized in 2014 for bipolar disorder. She had also been diagnosed with other mental-health disorders.

In June 2018, A.R. called 911 asking the police for assistance in locating her husband, claiming he was a prince and she a princess. A.R. stated "incidents will occur" if the FBI was not called. She had slept three hours in the prior seven days and was not taking prescribed mental-health medication. The application alleging serious mental impairment noted, "She continues to state we are not taking her seriously and something will happen." Dr. Margo Shultes von Schlageter's report upon A.R.'s hospitalization noted "three children in her care that are not accounted for, not mentioned by patient, possibly in danger due to neglect."

When A.R.'s mother and A.R.'s children visited her at the hospital, A.R. refused to allow her mother to meet with the physician to discuss her condition; she became "severely irate" and cursed at her mother in front of her children.

Dr. Shultes von Schlageter testified at the hearing that A.R. was diagnosed with bipolar disorder, the recent episode being manic with psychotic features. On the date of the doctor's initial visit with A.R., A.R. was delusional. She also had been diagnosed in the past with postpartum depression and posttraumatic stress disorder related to military service.

> Q. Is [A.R.] likely to inflict serious emotional injury on family members or those who lack reasonable opportunity to avoid contact with her if allowed to remain at liberty without treatment? A. Yes.

Q. And what recent overt acts or threats do you base that on? A. This is based on her interactions with her children as well as her mother.

Q. All right. You had an opportunity to observe that? A. That's correct.

Q. And that's also based upon her mental illness? A. That's correct.

Q. . . . Does [A.R.] need to be further evaluated and treated on an outpatient basis, inpatient was or not at all? A. At this point, if compelled, she could be treated on an outpatient basis as the least restrictive order. If, however, she was unable to comply with the requirements of outpatient treatment, specifically medication and ongoing appointments with a psychiatrist, then there would exist no lesser restrictive alternative to inpatient care.

Q. Okay. So the question is, is it likely more than not that she will not comply with medication and treatment if she's released? A. Based on my most recent evaluation of [A.R.], it is likely that she would not comply with treatment on an outpatient basis if released.

A.R. testified she did not believe she had a mental illness, though she acknowledged she "had postpartum with psychosis," which she stated was "in full remission." She stated, "I know that I have posttraumatic stress disorder" but "I don't think it's a fair and accurate statement that I'm bipolar." She added, "I've never been manic" and denied needing medications. However, she also acknowledged she had been hospitalized for five weeks in the past to "figure out which [medications] would work for me."

The district court found that if not committed A.R. was likely to inflict serious emotional injury on members of her family who lacked reasonable opportunity to avoid contact with her. There is substantial evidence in the record to support the district court's finding. We therefore affirm.

**AFFIRMED.**